## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

ANTONIO DANIEL WALLACE                                        PETITIONER

v.                                        CIVIL ACTION NO.: 3:21-cv-364-KHJ-MTP

SUPT. ANDREW MILLS                                           RESPONDENT

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition of Antonio Daniel Wallace for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [8]. Having considered the parties' submissions and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [8] be granted and the Petition [1] be dismissed with prejudice.

### PROCEDURAL HISTORY

On April 25, 2013, Wallace was convicted of armed robbery, kidnapping, and conspiracy to commit armed robbery in the Circuit Court of Madison County, Mississippi. ([8-1]). On June 6, 2013, he was sentenced to serve thirty-four years in the custody of the Mississippi Department of Corrections ("MDOC") for armed robbery, thirty-four years for kidnapping, and five years for conspiracy to commit armed robbery, with the sentences to run concurrently. ([8-2]).

Wallace appealed his convictions and sentences to the Mississippi Supreme Court, which assigned the case to the Mississippi Court of Appeals. *See Wallace v. State*, 160 So.3d 1184 (Miss. Ct. App. 2014), *reh'g denied* Feb. 10, 2015, *cert denied* Apr. 16, 2015. On October 24, 2014, the Court of Appeals affirmed Wallace's convictions and sentences. *Id*. On April 16, 2015, the Supreme Court of Mississippi denied Wallace's petition for writ of certiorari. *Id*.

1

Over four years later, on August 8, 2019, Wallace filed his first motion for post-conviction relief in the Supreme Court of Mississippi. He raised six claims for relief, one of which was that he received an illegal sentence for the kidnapping conviction. ([9-10] at 106-28). The court found that Wallace's motion was procedurally barred. However, the court recognized that his claim of an illegal sentence is an exception to the procedural bar, and a three-Justice panel ordered the State to respond to Wallace's illegal sentence claim. In its response, the State conceded that a kidnapping conviction has a thirty-year statutory maximum sentence. ([8-4] at 2).

Based on this concession, the Supreme Court of Mississippi granted his first post-conviction relief motion in part and denied it in part, vacating the thirty-four-year sentence for kidnapping and remanding the case to Madison County Circuit Court for resentencing for the kidnapping conviction only. ([8-4]). The remaining requests for relief were denied as procedurally barred. On February 3, 2020, Wallace was resentenced to serve a term of thirty years in the custody of the MDOC for kidnapping, with the sentence to run concurrently with his original sentences. ([8-5]). Wallace's convictions for armed robbery and conspiracy to commit armed robbery were not modified in any way by the resentencing for his kidnapping conviction.

On August 4, 2020,[1] Wallace filed a second motion for post-conviction relief in the Supreme Court of Mississippi, asserting that evidence about Wallace's motive for the crimes was improperly introduced at trial. ([9-10] at 61). Wallace claims that a witness testified at the 2013 trial that Wallace owed money to an attorney for his representation of Wallace in other, unrelated

---

[1] Wallace could have filed a direct appeal of his new sentence within 30 days. Instead, he filed a second motion for post-conviction relief over five months later. ([9-10]).

criminal matters in Hinds County, and that Wallace's need for this money was the motive for the crime. ([2] at 8).

In this second post-conviction relief motion, Wallace argued that this testimony was false. Wallace recognized in his Motion that this claim would be subject to a procedural bar, however, he claimed to have "newly discovered evidence" in the form of an affidavit and receipt from the attorney. Wallace argued that this newly discovered evidence shows that he did not owe the attorney any legal fees for representation and, therefore, the debt could not constitute his motive for the armed robbery. The Supreme Court of Mississippi found that his second PCR motion was "subject to the procedural bars" and that the claims Wallace brought were "insufficient to merit waiving them." ([8-6]). The Court also issued a sanctions warning to Wallace cautioning him about future frivolous filings. ([8-6] at 2-3).

On May 25, 2021, Wallace filed his Petition for Writ of Habeas Corpus [1]. Thereafter, Respondent filed a Motion to Dismiss [8], arguing that Wallace's assertions are either untimely or unexhausted in state court. Wallace has filed his Response [10], and the matter is now ripe for review.

**ANALYSIS**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner seeking federal habeas relief must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003). The Fifth Circuit clarified the law for purposes of determining when a state conviction becomes final pursuant to Section 2244(d)(1)(A) by holding that:

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review.

3

> We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review. We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

On February 3, 2020, Wallace was resentenced for the kidnapping conviction. The Supreme Court has held that purposes of § 2244(d)(1)(A) the "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Burton v. Stewart*, 549 U.S. 147, 156 (2007). This is true, even when, as here, a criminal defendant is granted leave to file an out-of-time appeal during state collateral review. *See Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009).[2]

When a criminal defendant receives a new sentence, the date of the new sentence and the timeframe for seeking appeal of the new sentence, starts the clock over for purposes of determining the one-year AEDPA timeframe for filing a habeas petition. The Fifth Circuit distinguishes between the newly sentenced conviction and the prior convictions that "remain undisturbed." *In re Lampton*, 667 F.3d 585, 589 (5th Cir. 2012). As a result, the time frame for purposes of determining when the conviction becomes final under the AEDPA is different for Wallace's undisturbed armed robbery and conspiracy convictions and the kidnapping conviction where he received a new sentence.

---

[2] ("[W]here a state court grants a criminal defendant the right to file an out of time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A). In such a case, 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.").

**Armed Robbery and Conspiracy to Commit Armed Robbery Convictions**

The following analysis applies to Wallace's armed robbery and conspiracy to commit armed robbery convictions only. This Court applies the AEDPA as referenced above, which means the one-year timeframe for federal habeas review began the date Wallace's conviction became final at the conclusion of direct review or at the expiration of the time for seeking such review. ([8-6]). Wallace inaccurately claims that his federal habeas Petition [1] is timely as his judgment of conviction became final "on/or about February 2, 2021." ([1] at 13). The date referenced by Wallace is the date that the Supreme Court of Mississippi denied his second motion for post-conviction relief and found that his claims were procedurally barred, not the date that his judgment of conviction became final as applicable under the AEDPA.

Based on a review of the record and a review of the United States Supreme Court's automated docket system,[3] as Wallace did not file a petition for writ of certiorari with the United States Supreme Court, his conviction became final on July 14, 2015 − after the expiration of the ninety-day period during which he could have sought such review from the state court's judgment. As stated above, the statute of limitations in the AEDPA required Wallace to file his habeas petition within one year of that date, or by July 15, 2016. Wallace did not file the instant petition until almost five years after the limitations period expired on May 25, 2021. Thus, his claims are barred by the statute of limitations unless he is entitled to statutory tolling, equitable tolling, is actually innocent, or did not discover the factual predicate of his claims until later. *See* 28 U.S.C. § 2244(d)(1)(A) and (D).

---

[3] *See* https://www.supremecourt.gov/docket/docket.aspx (last visited December 9, 2021).

*Statutory Tolling*

Whether statutory tolling occurred during the period between the judgment becoming final on July 15, 2016, and Wallace filing his federal Petition on May 25, 2021, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or collateral review" remains pending.

As previously stated, Wallace filed his first application for leave to file a motion for post-conviction collateral relief on August 8, 2019. ([9-10] at 190-222). By the time Wallace filed this application, the time for filing a federal habeas petition had long since expired. Thus, the application for leave to file a motion for post-conviction collateral relief did not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the limitation period expired); *Baldwin v. Parker*, 2006 WL 3858896, at*3 (S.D. Miss. Dec. 28, 2006).  Accordingly, Wallace did not benefit from statutory tolling under § 2244(d), and his federal habeas filing deadline for the armed robbery and conspiracy to commit armed robbery convictions remained July 15, 2016.

*Equitable Tolling*

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in § 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).  Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*,

184 F.3d 510, 513 (5th Cir. 1999).  Additionally, in order to establish that he is entitled to equitable tolling, Wallace must demonstrate "that he has been pursuing his rights diligently…." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).  Courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811).  Petitioner, however, bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Wallace makes no argument for equitable tolling nor does the record reflect he has been diligently pursuing his rights. While Wallace did file a direct appeal of his armed robbery and conspiracy to commit armed robbery convictions, he did not file a motion for post-conviction relief until over four years after his convictions were final. Wallace waited five years before filing this federal habeas petition and only alleges claims that would have been known to him at the time of trial.

*Actual Innocence*

Wallace asserts his actual innocence, which can be a "gateway to federal habeas review" after the expiration of the § 2244(d)(1) statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "[A] convincing showing of actual innocence enable[s] habeas petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims," but a successful actual innocence claim is rare and requires a petitioner to persuade a district court that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quotation omitted). Unjustifiable delay in presenting evidence purporting to show actual innocence is a factor to consider in determining whether actual innocence has been reliably shown. *See Id.* at 387.

Having considered the evidence and arguments presented by Wallace, he has not submitted new, reliable evidence that was not presented or available at trial that persuades the Court that, "in light of the evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *See Id.* at 386.

What Plaintiff alleges is "new evidence" is an affidavit from an attorney which states that Wallace did not owe him money at the time of the trial. However, the factual predicate of this "new" evidence was known to Wallace at the time of trial in 2013. While the affidavit is perhaps newly obtained, nothing about the evidence presented is new. Wallace could have presented this information at trial but did not do so. He also could have presented this information in a direct appeal or a properly filed motion for post-conviction relief and did not.

As Wallace did not file his federal habeas petition within one year of his armed robbery and conspiracy to commit armed robbery convictions becoming final, and he is not entitled to equitable tolling, his habeas claims are time-barred and should be dismissed.

**Kidnapping Conviction**

In the Motion to Dismiss, Respondent admits that Wallace's claims for relief are timely after he was resentenced for the kidnapping conviction. However, Respondent argues that Wallace has not properly presented his claims for relief to the highest state court as required and that his Petition [1] should be dismissed on these grounds. ([8] at 12). Respondent also claims that Wallace would not be able to present his claims to the state courts and as a result has procedurally defaulted his claims and his Petition [1] should be dismissed with prejudice.

Under 28 U.S.C. § 2254(b)(1), a state prisoner seeking habeas relief is required to first exhaust state remedies. Section 2254 provides, in relevant part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the state remedies available in the courts of the States; or

(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the appellant.
. . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

A fundamental prerequisite to federal habeas relief is exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (internal quotations and citations omitted).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts…state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (citing *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)).

Further, exhaustion requires a habeas applicant to "'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.'" *Id*. (citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

In this case, the undersigned finds that Wallace has failed to properly exhaust his claims in state court. After Wallace was resentenced on the kidnapping conviction, instead of filing a direct appeal, he filed a second motion for post-conviction relief with the Supreme Court of Mississippi. ([9-10] at 106-28). The claims presented in his second motion for post-conviction relief relate back to the original trial and Wallace's "motive" for committing the crimes, not to the kidnapping conviction specifically or to the new sentence received. Without addressing the merits, the Supreme Court found that this second PCR motion was "subject to the procedural bars" and that the claims Wallace brought were "insufficient to merit waiving [the procedural bars]." ([8-6]). Thus, Wallace's claims have not been "fairly presented" to the Mississippi Supreme Court in a "procedurally proper manner," as the state court did not have the opportunity to consider the merits of Petitioner's grounds for relief. *Mercadel*, 179 F.3d at 275. Accordingly, Petitioner has failed to fulfill the exhaustion requirement of 28 U.S.C § 2254(b)(1), and his petition should be dismissed.

Additionally, the time for Wallace to exhaust his claims in state court has expired. The deadline to file a notice of appeal is thirty (30) days from the date of entry of the judgment or order. *See* Miss. R. App. P. 4. The time for appealing the circuit court's resentencing on the kidnapping conviction, which was entered on February 3, 2020, has long expired.

As the time for exhausting his claims has passed, Wallace has procedurally defaulted his claims for purposes of federal habeas review. *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust his state remedies, but the court to which he would be

required to return to meet the exhaustion requirement would now find the claims procedurally

barred, then there has been a procedural default for purposes of federal habeas corpus relief.");

*see also Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (stating that when federal habeas

claims "are 'technically' exhausted because, and only because, [petitioner] allowed his state law

remedies to lapse without presenting his claims to the state courts . . .[,] there is no substantial

difference between nonexhaustion and procedural default").

Therefore, federal habeas review of Wallace's claims is precluded unless he can show

cause for his default and actual prejudice as a result, or that the Court's decision not to address

the claims would result in a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750

(1991); *Sones v. Hargett*, 61 F.3d 410, 418 (5th Cir. 1995). To prove cause sufficient to excuse

default, Wallace must establish that some external impediment prevented him from raising the

defaulted claims. *Coleman*, 501 U.S. at 753.

The record does not reflect any external impediment which caused Petitioner to

procedurally default his claims, and "neither his *pro se* status nor ignorance of the law constitutes

cause to overcome his procedural default." *See Young v. Epps*, 2015 WL 1198082, at *6 (S.D.

Miss. Mar. 13, 2015) (citing *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997)). Thus,

Wallace has failed to demonstrate the requisite "cause and prejudice" necessary to obtain review

of his claims. *Coleman*, 501 U.S. at 753.

Wallace has also failed to establish that a failure to consider his claims will result in a

fundamental miscarriage of justice. Federal law is abundantly clear that the miscarriage of

justice exception is strictly limited to cases of actual innocence and does not reach questions of

due process in a habeas claim. *See*, *e.g.*, *Schlup v. Delo*, 513 U.S. 298, 316 (1995) ("Without any

new evidence of innocence, even the existence of a concededly meritorious violation is not itself

11

sufficient to establish a miscarriage of justice that would allow a habeas court to the merits of a barred habeas claim."). Actual innocence claims must be supported with new, reliable evidence and a showing that "it was more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). Wallace has not presented any such evidence. An affidavit stating that Wallace did not owe an attorney money at the time of the crimes is not new evidence. Wallace knew this information at the time of trial and could have presented this evidence then or could have raised the issue on direct appeal. Accordingly, Wallace's claims are procedurally barred, and habeas relief must be denied.

While a habeas petitioner's failure to properly exhaust claims in state court normally results in dismissal without prejudice, the Respondent in this case argues that the instant petition should be dismissed with prejudice to avoid "judicial ping-pong" because Wallace's claims are procedurally barred from review in state court. ([8] at 27). From the record and the Mississippi Supreme Court's previous orders, it is plain that further requests for post-conviction relief by Wallace would not be accepted.[4]

Wallace had 30-days to appeal his most recent sentencing to the Mississippi Supreme Court and did not do so. *See* M.R.A.P.(a). Thus, Wallace's claims are procedurally defaulted in state court, and the undersigned recommends that the Petition be dismissed with prejudice. *See Chancellor v. Mississippi*, 129 Fed. Appx. 878, at 879-80 (5th Cir. 2005).

---

[4] "Further, Wallace is hereby warned that any future filings deemed frivolous may result not only in monetary sanctions, but also in restrictions on filing applications for post-conviction collateral relief (or pleadings in that nature) in forma pauperis." ([8-6] at 2).

**Evidentiary Hearing**

Wallace submits in his Response [10] that he is entitled to discovery and an evidentiary

hearing to develop the facts surrounding what he characterizes as "false" testimony of a witness

who testified that Plaintiff owed money to an attorney as motive for the armed robbery. The

merits of the Petition cannot be reached because Wallace has not exhausted these claims in state

court as discussed previously.  However, even assuming that the Petition is not barred, Wallace

has not met the standard to have an evidentiary hearing or conduct discovery.

A habeas petitioner is not entitled to discovery as a matter of course. *Bracy v. Gramley*,

520 U.S. 899, 904 (1997).  28 U.S.C. § 2254(e)(2) governs evidentiary hearings in habeas

matters and states:

> **(2)** If the applicant has failed to develop the factual basis of a claim in State court
> proceedings, the court shall not hold an evidentiary hearing on the claim unless the
> applicant shows that—
>
>> **(A)** the claim relies on—
>>
>>> **(i)** a new rule of constitutional law, made retroactive to cases on
>>> collateral review by the Supreme Court, that was previously
>>> unavailable; or
>>>
>>> **(ii)** a factual predicate that could not have been previously
>>> discovered through the exercise of due diligence; and
>>
>> **(B)** the facts underlying the claim would be sufficient to establish by
>> clear and convincing evidence that but for constitutional error, no
>> reasonable factfinder would have found the applicant guilty of the
>> underlying offense.

Wallace does not raise an argument that a new rule of constitutional law that has been

made retroactive on collateral review. 28 U.S.C. § 2254(e)(2)(a)(i).  Nor does Wallace rely upon

a factual predicate that could not have been previously discovered through due diligence.  28

U.S.C. § 2254(e)(2)(a)(ii).  As previously discussed, the evidence Wallace asserts is "new" was

known to him at the time of trial. Moreover, Wallace has not shown how an evidentiary hearing would bring forth facts that could not have been discovered previously and which show that no reasonable factfinder would have found him guilty. The Fifth Circuit has "repeatedly found that a paper hearing is sufficient to afford a petitioner a full and fair hearing on the factual issues underlying the petitioner's claims…." *Clark v. Johnson*, 202 F.3d 760, 766 (5th Cir. 2000). Because the elements of 28 U.S.C. § 2254(e)(2) are not satisfied, an evidentiary hearing is not necessary in this matter and his request should be denied.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [8] be GRANTED and that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 13th day of December, 2021.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE

14