UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANTONIO DANIEL WALLACE                                                    PLAINTIFF

V.                                             CIVIL ACTION NO. 3:21-CV-364-KHJ-MTP

SUPT. ANDREW MILLS                                                       RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation [18] of United States Magistrate Judge Michael T. Parker. For the reasons stated, the Court adopts the Report.

I.      Facts and Procedural History

On April 25, 2013, Plaintiff Antonio Daniel Wallace was convicted of armed robbery, kidnapping, and conspiracy to commit armed robbery in the Circuit County of Madison County, Mississippi. *Id.* at 1. He was sentenced to serve 34 years for armed robbery, 34 years for kidnapping, and five years for conspiracy to commit armed robbery, with the sentences to run concurrently. *Id.* On August 8, 2019, Wallace filed his first motion for post-conviction relief in the Supreme Court of Mississippi, raising six claims for relief, one of which was that he received an illegal sentence for the kidnapping conviction. *Id.* at 2. The Supreme Court of Mississippi vacated the 34-year sentence for kidnapping and remanded the case for resentencing, but it denied the remaining requests for relief because they were procedurally barred. *Id.* On February 3, 2020, Wallace was resentenced to serve a

30-year term for kidnapping. *Id.* The resentencing did not modify the other convictions. *Id.*

On August 4, 2020, Wallace filed a second motion for post-conviction relief, alleging the improper introduction of evidence at trial about his motive for the crimes. *Id.* at 2. Wallace claimed to have newly discovered evidence: an affidavit and a receipt from an attorney that would show he did not have a motive for the armed robbery. *Id.* at 3. The Supreme Court found that the second post-conviction relief motion was procedurally barred. *Id.*

On May 25, 2021, Wallace filed his Petition for Writ of Habeas Corpus [1], and Respondent Andrew Mills moved to dismiss the petition. Resp. Mot. to Dismiss [8]. The Report recommends that the Court grant Mills' Motion to Dismiss [8] and dismiss the Petition [1] with prejudice. [18] at 3.

First, the Magistrate Judge found that Wallace's challenges to his armed robbery and conspiracy to commit armed robbery convictions and sentences were barred by the one-year statute of limitations provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1), because he filed his petition almost five years after the limitations period had expired. *Id.* at 5. The Magistrate Judge also found that none of § 2244(d)(1)'s exceptions applied to toll the statute of limitations. *Id.* at 6-8.

Second, the Magistrate Judge concluded that Wallace's challenge to his kidnapping conviction and sentence was procedurally barred from federal habeas review because he failed to exhaust his claims in state court and the time to do so

had passed. *Id.* at 10. Further, the Magistrate Judge found that Wallace failed to show cause for his procedural default and actual prejudice as a result and failed to establish that failure to consider his claims would result in a "fundamental miscarriage of justice." *Id.* at 11.

Lastly, the Magistrate Judge found that Wallace was not entitled to discovery or an evidentiary hearing because he failed to exhaust his claims in state court. *Id.* at 13. Further, the Magistrate Judge found that even assuming that Wallace's petition was not procedurally barred, he failed to meet the standard for granting an evidentiary hearing. *Id.*

Written objections to the Report were due by December 27, 2021. Wallace filed objections on December 20, 2021.

II.   Standard

The Court reviews de novo the portions of the Magistrate's Report to which Wallace objects, 28 U.S.C. § 636(b)(1), while the remaining portions are subject to a "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court, however, is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citing *Nettles v. Wainwright*, 677 F.2d 404, 406-07 (5th Cir. Unit B 1982)). The Court need not consider "[f]rivolous, conclusive or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles*, 677 F.2d at 410 n.8). Further, "issues raised for the first time in objections to the report of a magistrate judge are not

properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)).

III.   Analysis

Wallace makes four objections to the Magistrate Judge's Report. Pl.'s Objections [19]. First, Wallace objects to the Magistrate Judge's determination "that his case should be dismissed with prejudice under all issues raised." *Id.* at 1. When a statute of limitations bars a claim, dismissal may be with prejudice. *See Stinson v. Johnson*, No. 98-50025, 1998 WL 526789, at *1 (5th Cir. July 27, 1998). Additionally, courts can dismiss with prejudice claims that are procedurally defaulted in state court. *See Chancellor v. Miss.*, 129 F. App'x 878, 880 (5th Cir. 2005). The Court therefore agrees with the Magistrate Judge's finding that Wallace's petition should be dismissed with prejudice. The Court adopts this finding from the Report.

Second, Wallace objects to the Magistrate Judge's "failure to recognize the exceptions to the factors of the newly discovered evidence standard." [19] at 1. Wallace relies on *United States v. Antone* to support his objection. 603 F.2d 566, 568-89 (5th Cir. 1979). But *Antone* concerned a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure and an applicable exception. *Id.* at 569. This case is about federal habeas relief from a state court judgment and not a Rule 33 motion for new trial. Further, for a petitioner to overcome the expiration of the statute of limitations and be granted federal habeas review, the petitioner must "persuade the district court that, in light of the new evidence, no juror, acting

4

reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 387 (2013). The Magistrate Judge correctly applied this standard to find that Wallace did not submit new, reliable evidence not presented or available at trial. [18] at 8. Accordingly, the Court agrees with the Magistrate's finding and adopts this portion of the Report.

Third, Wallace objects to the Magistrate Judge's denial of a hearing and reliance on a paper hearing. [19] at 3. Section 2254(e)(2) outlines the circumstances under which an evidentiary hearing may be held in federal court:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> (A) the claim relies on—
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously available; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Wallace does not argue that a new rule of constitutional law has been made retroactive on collateral review. Nor does Wallace rely on a factual predicate that could not have been previously discovered through due diligence. The "new" evidence Wallace relies on is a receipt and affidavit from an attorney, stating that Wallace did not owe him money at the time of trial. [18] at 8. But this information was known to Wallace at the time of trial. *See* [9-3] at 105-07. Although the

affidavit may be newly obtained, the evidence presented is not new. Lastly, Wallace has failed to show that those facts of the claims could establish by clear and convincing evidence that no reasonable fact-finder would have found him guilty. The Fifth Circuit has also recognized that "[a] full and fair hearing does not necessarily require live testimony" and that "a paper hearing is sufficient to afford a petitioner a full and fair hearing on the factual issues underlying the petitioner's claims. . ." *Clark v. Johnson*, 202 F.3d 760, 767 (5th Cir. 2000). Accordingly, the Court agrees with the Magistrate Judge's denial of an evidentiary hearing and use of a paper hearing and adopts this part of the Report.

Lastly, Wallace objects to the Magistrate Judge's finding that "the content of the new evidence was not new and that it could have been presented during trial." [19] at 3. As discussed, the "new" evidence was known to Wallace at the time of trial. The Court therefore agrees with the Magistrate Judge's finding and adopts this portion of the Report.

IV.   Conclusion

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Report and Recommendation [18] of United States Magistrate Judge Michael T. Parker, entered in this cause should be, and the same is, adopted as the finding of this Court.

IT IS, FURTHER, ORDERED AND ADJUDGED that Respondent's Motion to Dismiss [8] is GRANTED, and this case is DISMISSED WITH PREJUDICE.

A separate Final Judgment will issue this day.

SO ORDERED, this the 3rd day of January, 2022.

                                            s/ *Kristi H. Johnson*
                                            UNITED STATES DISTRICT JUDGE